J-S93044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARVIS DUNCAN, | |
| Appellant | No. 907 EDA 2015 |

Appeal from the PCRA Order March 6, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005262-2007

BEFORE: DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 31, 2017**

Appellant, Jarvis Duncan, appeals from the order of March 6, 2015, which dismissed without a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel has filed a petition to withdraw. For the reasons discussed below, we grant counsel's petition to withdraw and affirm the dismissal of the PCRA petition.

We take the underlying facts and procedural history in this matter from the PCRA court's March 3, 2016 supplemental opinion and our independent review of the certified record. On August 20, 2008, Appellant pleaded guilty to one count each of possession with intent to deliver a controlled substance and intentional possession of a controlled substance.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant was immediately sentenced, in accordance with the Commonwealth's recommendation, to a term of incarceration of not less than fifteen months nor more than thirty months. Appellant did not file a direct appeal.

On February 4, 2013, the Defender Association of Philadelphia, on behalf of Appellant, filed a PCRA petition alleging newly discovered evidence, namely corruption by one of the police officers involved in his arrest. On January 28, 2015, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. **See** Pa.R.Crim.P. 907(1). On March 6, 2015, the PCRA court dismissed the petition.

On March 23, 2015, Appellant, acting *pro se*, filed a notice of appeal. On April 15, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On May 13, 2015, the Defender Association of Philadelphia filed a motion to withdraw. On May 29, 2015, noting that new counsel, Attorney Todd Michael Mosser, had entered an appearance for Appellant, the trial court granted the motion of previous counsel to withdraw. Attorney Mosser did not file a Rule 1925(b) statement. On June 10, 2015, the PCRA court issued an opinion. **See** Pa.R.A.P. 1925(a).

On September 1, 2015, this Court issued an order remanding the matter for a determination of whether PCRA counsel had abandoned

Appellant on appeal. On December 8, 2015, Attorney Stephen Thomas O'Hanlon, entered a notice of appearance on behalf of Appellant. On December 9, 2015, the PCRA court ordered Appellant to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b). Attorney O'Hanlon filed a timely Rule 1925(b) statement on behalf of Appellant on December 24, 2015. **See id.** On March 3, 2016, the PCRA court issued a supplemental opinion. **See** Pa.R.A.P. 1925(a). On April 11, 2016, Attorney O'Hanlon filed a motion to withdraw with this Court, together with a **Turner**/**Finley** letter.

On appeal, the **Turner**/**Finley** letter[1] raises the following question for our review:

> [Did t]he PCRA [c]ourt err[] when it dismissed Appellant's PCRA [p]etition seeking to withdraw his guilty plea *nunc pro tunc* because: (a) there was key newly-discovered evidence and this requires a more thorough analysis of whether the plea was voluntary or not. Appellant has suffered manifest injustice and should have been permitted to withdraw his uninformed guilty plea because he did not know of the corruption of the arresting officer(s) even if other officers were involved in the arrest and Appellant faced a substantial sentence if he had gone to trial; (b) there were **Brady** [**v. Maryland**, 373 U.S. 83 (1963)] violations by the Philadelphia District Attorney's Office which denied Appellant [p]rocedural [d]ue [p]rocess because this [o]ffice knew or should have known of the issues of corruption of the arresting officer(s) in the present case but the [o]ffice continued to prosecute cases without divulging anything to defendants such as Appellant regarding arrest and subsequent prosecution involving corrupt police officer(s); (c) Appellant faced unequal application of justice because some cases involving said officer(s) are automatically granted PCRA relief when said

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

corrupt officer(s) were involved in arrests and Appellant was not granted such relief[?]

(*Turner*/*Finley* Letter, at 2).

Here, as noted, Appellant's court-appointed counsel has petitioned this Court for permission to withdraw and has submitted a *Turner*/*Finley* letter. Appellant has not responded to the motion to withdraw. Court-appointed counsel who seeks to withdraw from representing an appellant on appeal of a denial of a PCRA petition on the basis that the appeal lacks merit must review the case zealously. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

> *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Id.* (citations omitted). Counsel has substantially complied with the dictates of *Turner*/*Finley*.

When this Court receives a *Turner*/*Finley* letter, we conduct an independent review of the record in light of the PCRA petition and the issues set forth within it, as well as of the contents of the petition of counsel to withdraw. *See Wrecks*, *supra* at 721. We will grant the petition to withdraw, where, as here, we agree with counsel that the petition is

- 4 -

meritless. ***See id.*** Accordingly, we grant counsel's petition to withdraw and proceed to conduct an independent review of Appellant's claims.

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

In the instant matter, Appellant has not shown that he is eligible for PCRA relief. The trial court sentenced Appellant on August 20, 2008, to a term of incarceration of not less than fifteen nor more than thirty months. Therefore, it appears that Appellant maxed out his sentence in February 2011, approximately two years before he filed the instant PCRA petition. Thus, the PCRA court concluded that Appellant was not eligible for PCRA relief because he had completed his sentence. (***See*** PCRA Court Supplemental Opinion, 3/03/16, at 4). Similarly, in his ***Turner/Finley*** letter, counsel agrees that Appellant completed his sentence in February 2011 and is therefore, ineligible for PCRA relief. (***See Turner/Finley*** Letter, at 2-3). Likewise, the Commonwealth concurs, stating that Appellant completed his sentence prior to the filing of the PCRA petition. (***See*** Commonwealth's Brief, at 3).

We agree that Appellant is ineligible for PCRA relief. To be eligible for relief under the PCRA, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). The Pennsylvania Supreme Court has stated that as soon as the sentence is completed, the petitioner is ineligible for PCRA relief, regardless of whether he was serving his sentence when he filed the petition. *See Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Matin*, 832 A.2d 1141, 1143 (Pa. Super. 2003), *appeal denied*, 843 A.2d 1237 (Pa. 2004). Thus, Appellant has not demonstrated that he is entitled to PCRA relief.

For the reasons discussed above, we hold that Appellant is ineligible for PCRA relief. Accordingly, we affirm the dismissal of his PCRA petition and grant counsel's petition to withdraw.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017

- 6 -